Scileppi, J.
(dissenting). I dissent and vote to affirm. The People’s proof clearly established that the premises were owned and under the control of the defendants; that marijuana and hashish were smoked on the premises; that the defendants knew of that activity and that they acquiesced in the continuation thereof.
The smoking of these drugs was established by physical evidence, i.e., warm pipe, smoldering marijuana cigarette butt, cigarette-rolling paper, various containers with green vegetable materials; knowledge of the defendants was established by the odor of the drug with which they were familiar, and by testimony of overheard statements; and defendants.’ intent to continue the condition was established by defendants’ acquiescence in the use of these drugs on the premises and by Dr. Fiedler’s legally admissible statement to the police to the effect that his children could do what they wanted in his home. When the police executing the search warrant asked him whether he permitted his children to' smoke the drugs uncovered by the legal search, he specifically stated: “ The children are individuals and I would like to raise them to. be free thinking individuals. This is my home and their home, and they should do what they want in here.” As for defendant, Mrs. Fiedler, there is sufficient evidence that she too knew the children wer^ smoking the drugs. When the police entered the home with the search warrant, she shouted to the children upstairs: “ Children, the police are here and they have a search warrant.” This warning thus gave them an opportunity to dispose of the drugs, if they heard her, before they were discovered by the police. If she had not known of the use of the drugs in the home, there would have been little need for this warning. In addition, an overheard conversation on a transmitting device established that she knew her children were smoking “ pot ^ In fact, one of the children was found in the bathroom on the third floor where two of his young friends were also found by *183 the police. A bulk quantity of marijuana was found in the bathroom and the aroma of marijuana permeated the air. Obviously, the mother’s warning was either not heard or those in th,e room didn’t care if the police had arrived.
The .defendants’ crime was knowing of illegal drug activity in their home and doing nothing to prevent or avoid it, and in condoning its use therein. Thus, they knowingly maintained a place where drugs were being unlawfully used in violation of section 1533 (subd. 2) of the Penal Law.
The information sufficiently apprised defendants of the crime with which they were charged, and their guilt was established beyond a reasonable doubt. The fact that defendants used their home as the place which .they maintained for permitting the illegal use of drugs does not bar a prosecution under section 1533 (subd. 2) of the Penal Law.